### No. 10,575.

#### THORP WESTERFIELD ET AL. VS. LEVIS BROS. ET ALS.

1. A child of the age of five years and seven months is *prima facie* incapable of contributory negligence.
2. The conduct of an infant of tender years is not governed by the same rule which applies to an adult. While an adult must be free from fault which con-

| 43 | 63 |
| 44 | 346 |
| 43 | 63 |
| 46 | 1188 |
| 43 | 63 |
| 47 | 1223 |
| 43 | 63 |
| 51 | 113 |
| 51 | 114 |
| 51 | 115 |
| 43 | 63 |
| 106 | 117 |
| 43 | 63 |
| 112 | 599 |
| 112 | 603 |
| 112 | 604 |
| 114 | 1012 |
| 43 | 63 |
| 117 | 544 |
| 43 | 63 |
| f118 | 618 |

Westerfield et al. vs. Levis Bros. et als.

tributed to his injury in order that he may recover, the care and caution re
quired of a child is according to his maturity and capacity and the circum-
stances of the particular case.

3. The doctrine of imputed negligence, as announced in Hartfield vs. Roper, 21
Wendell 615, does not prevail in Louisiana.

4. Where the defendant negligently leaves exposed in a public place, unsecured,
unguarded and unattended, a dangerous machine, likely to attract children,
excite their curiosity and lead to their injury, while they are pursuing their
childish instincts, a child of tender years injured by said machine, while
meddling with it, is entitled to recover damages for the injury inflicted.

5. In order that a parent may recover under the second cause of action in Act 71
of 1884, for the death of his child of tender years, he must be free from negli-
gence proximately contributing to his death.

6. Parents are not obliged to restrain their children within doors at their peril.
It is not negligence for a parent to permit his child to go on the sidewalk in
front of his residence.

7. Where the age of the child leaves a doubt as to his maturity and capacity, this
must be alleged in the answer of the defendant.

8. Under the rules this court has the right, when it grants a rehearing, to proceed
to render judgment immediately without any new fixing of the case, more par-
ticularly where the application for a rehearing has been orally argued.

9. Only one rehearing is granted in any cause, unless matters are decided which.
had not been previously considered and reserve made for a rehearing.

10. It is not indispensable, in order to reconsider a case, that a rehearing be ex-
pressly granted by a special decree.

11. It suffices, if the opinion on the reconsideration shows that it is rendered "on
rehearing." This circumstance necessarily implies the granting, specially
where the decree rendered sets aside the previous judgment, and adjudicates.
anew on the controversy.

APPEAL from the Civil District Court for the Parish of Orleans.
Voorhies J.

Gibson & Hall, R. L. Tullis and Farrar, Jonas & Kruttschnitt for
Plaintiffs and Appellants:

One who leaves in a public place where a person has a right to go a dangerous
machine is liable for injuries caused thereby to persons who are in fact with-
out fault, or who being infants are in law incapable of being contributorily
negligent. Cooley on Torts, 2d Ed., 818 to 823; Lynch vs. Nurdin, 1 Q. B. 29;
Railroad Company vs. Stout, 17 Wall. 657; Mangan vs. Brooklyn Railroad Com-
pany, 38 N. Y. 455; Pittsburg, etc., Railroad Company vs. Bumstead, 48 Ill. 221;.
Rauch vs. Lloyd, 31 Penn. State 358; Birge vs. Gardner, 19 Conn. 507; Robinson
vs. Cone, 22 Vermont 213; East Saginaw Railroad Company vs. Bohn, 27 Mich.
513; Brennen vs. Railroad Company, 45 Conn. 298; Fitzsimmons vs. Railroad,
Company. 22 Kans. 690; Spengler vs. Williams, 6 South I.. 613. See also on gen-
eral subject Shea vs. Reems, 36 An. 966; McLoughry vs. Finney, 37 An. 37.

It is well settled that the conduct of an infant of tender years is not to be gov-
erned by the same rules which govern an adult. While it is a general rule in.
regard to an adult that entitle him to recover damages for an injury resulting:

NEW ORLEANS, JANUARY, 1891. 65

Westerfield et al. vs. Levi Bros. et als.

from the negligence of another, he must himself have been free from fault; such is not the rule in regard to an infant of tender years. The cares and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case. Same authorities.

*Howe & Prentiss* for Defendants and Appellees:

1. In such a case, verdict should not be set aside unless manifestly wrong. 3 An 655; 39 An. 929.
2. The prohibition of city ordinances as to vehicles, etc., did not concern the roller.
3. No invitation, by persons not in employ of defendants, to boys to ride on gravel carts not owned, employed or controlled by them, can affect defendants
4. Roadway of St. Mary not intended as playground and use for that purpose unlawful. 43 Maine, 248; 119 Mass. 472; 8 Allen 237.
5. The " fault " mentioned in Art. 2315, R. C. C. must, to justify recovery, be the efficient cause of the injury, and plaintiffs can not recover if their fault or the fault of their son intervened to complete the chain of efficient causation. 3 An. 799; 95 U. S. 442.
6. Burden of proof is on plaintiffs to show fault of defendants, and that they and their son were without contributory fault. 40 An. 786; 30 Md. 47; 58 Md. 347; 46 Barbour 529. Dilemma stated, "Turntable Case," 17 Wall. 657, not against defendants. Lynch vs. Nurdin, distinguished, and shown to have been repeatedly disregarded and overruled. 2 Hurlstone & Coleman, 744; L. R. 1 Ex. 239; 109 Mass. 104; 111 Id. 136.
7. It is not averred nor proved that defendants, natural persons, could have prevented the act and have not done so. R. C. C. 2320; 17 La. 545; 2 An. 405.
8. Quantum of damages discussed hypothetically. 6 So. Rep. 799; Tucker vs. Railroad, Jan., 1890, 7 So. Rep. 124.

## ON REHEARING.

The opinion of the court was delivered by

McENERY, J. The plaintiffs, father and mother of a boy, Richard, aged 5 years and 7 months, brought this suit under Act 71 of 1884 for damages for the death of their son, caused by a large iron roller left by the defendants opposite to the residence of plaintiffs, and a very short distance from it. The residence was located on St. Mary street, corner of Coliseum.

The defendants, under a contract with the city of New Orleans, were engaged in placing gravel on Coliseum street.

The defendants plead a general denial, and specially aver that they had never been in fault, nor had the minor child Richard, nor had the plaintiffs ever suffered any damage or injury by their fault.

And they further allege that, if said boy Richard was injured and

their employees were negligent, they are not responsible in damages, as the boy Richard was guilty of contributory negligence. They allege neglect on the part of plaintiffs as contributing to the accident. And they also allege that they were not present when the accident occurred, and are therefore not responsible.

There was judgment for the defendants, from which the plaintiffs have appealed.

The damages allowed in case of death by the Act 71 of 1884 consist of two elements:

1. The right of action for the damages suffered by the child, and which passes to the surviving parent by inheritance.

2. The action for the damages suffered by the parent on account of the loss of the child.

The plaintiffs inherit this action for damages suffered by the child from him, and it must be treated as though the child was alive and suing for an injury to himself.

The question on this branch of the case therefore is one of contributory negligence on the part of the child.

For the purpose of leveling and grading Coliseum street the defendants used heavy iron rollers, with two mules attached. One of them was left unattended, the mules not hitched so as to prevent them from moving off with the roller; and the roller unfastened by a chain, although it was capable of being so secured so as to prevent the rotation of the cylinder at little inconvenience and an inconsiderable cost.

Since this accident the rollers have had chains attached to them, so as to secure them. The roller was a dangerous machine of that character which would attract the instinctive curiosity of children. The boy Richard escaped from the residence of his parents, got on the roller, started the mules, and was thrown from it and under it, and mortally injured.

The testimony clearly establishes the negligence of the defendants in leaving the roller unattended, the mules unhitched and the roller unsecured by a chain.

The driver in charge of the machine, and who abandoned it (unattended as stated), was in the employment of defendants, and the machine was left by him in the course of his employment.

The defendants are therefore responsible in damages for the injury

to the child Richard unless they are relieved by contributory negligence on his part.

Article 34 of the Civil Code says: "Age forms a distinction between those who have not sufficient reason and experience to govern themselves and to be masters of their own conduct. But as nature does not always impart the same maturity and strength of judgment at the same age, the law determines the period at which persons are sufficiently advanced in life to be capable of contracting marriage and other obligations."

This article applies to civil obligations. But it recognizes the difference in the maturity and strength of judgment of children of the same age, and the necessity, as a matter of public policy, of fixing the period at which responsibility shall commence.

There is, however, no statutory period fixed at which this responsibility shall commence.

Under the common law a child under 7 years of age is presumed to be incapable of committing a crime, and between seven and fourteen his capacity requires to be affirmatively proved. Under seven the presumption is absolute as to the infant's incapacity to commit crime.

Children are, in the first year of their existence, *non sui juris*.

Under the Roman law several degrees of infancy are recognized. The first is absolute infancy, in the literal sense speechless; after that, until the age of seven, a child is *infantiæ proximus;* and from the eighth year to puberty he is *pubertati proximus*.

The child's responsibility, in American jurisprudence, for its acts, is a question of capacity, and it has been found a difficult question, and has been in many courts a very fruitful source of controversy as to what age is sufficient to constitute a child *sui juris*.

Where there is no doubt as to the capacity of the child at one extreme or the other to avoid danger, the court will decide it as a matter of law. Thus courts have held as a matter of law children of various ages, from one year and five months to seven years, *non sui juris*. Beach on Contributory Negligence, par. 39, p. 120; 2 Thompson on Negligence, par. 31, p. 1180.

In the case of Hatfield vs. Raper, 21 Wendell 615, it was held that when a child of such tender years as not to possess sufficient discretion to avoid danger, is permitted by its parents to be in a public highway without any one to guard it, and is there run over by a

traveler and injured, neither trespass nor case will lie unless the injury be voluntary or the result of "*gross neglect*" on the part of such traveler. In an action for such injury, if the conduct of the child be such as would constitute negligence on the part of the adult, although the child by reason of its tender years be incapable of using that degree of care which is expected of a person of prudence, the want of such care on the part of the parents or guardians of the child furnishes a complete defence to an action by the child for the injury sustained. Thompson on Negligence, p. 1184.

This rule has been adopted by the courts of last resort in some of the States, and has been denied in others.

We can not sanction this doctrine, and prefer to adopt, as more in accordance with our system of jurisprudence, the rule adopted by these courts of last resort which have denied the rule in that case.

In Thompson on Neglgence, Vol. 2, p. 1192, the correct rule is stated as follows:

"Therefore where the circumstances of the case do not justify the imputation of negligence on the part of others, or in jurisdiction where implied negligence is not applied, the only question in the case is whether the defendant has been guilty of ¦any negligence which may be reasonably said to have been the cause of the injury. * * * If, however, the child is old enough to have some perception of danger, and capable of exercising other faculties for its self-preservation, it is held bound to do so, but only as effectually as can be reasonably expected of a child of its maturity and capacity."

The boy Richard was of that age according to the Roman law which placed him nearer to the line of the first stage of infancy than puberty. But he evidently had attained that degree of maturity where he was capable of some slight degree of discernment, and was capable to some extent of exercising his faculties for self-preservation. His conduct must be judged by this degree of capacity.

The law is forcibly stated in the case of Westbrook vs. Railroad, from the Supreme Court of Mississippi, and reported in 6 Southern Reporter, p. 321. The court said: "We are unable to subscribe to the doctrine that a minor 4 or 5 years of age shall, as a matter of law, be charged with contributory negligence, and barred from recovery in an action brought by him, or in his behalf, for an injury inflicted on him by another, because he did not exercise reasonable care to avoid the injury. A child of such age is generally incapable of

choosing between right and wrong, between good and evil, and between care and rashness.

" From him duties to others are not exacted, but from others to him duties are recognized and enforced.

"The rule which exempts a child of tender years from responsibility, while it may not operate justly in every possible case, on the whole promotes the end of justice, and we followed the authorities which held that a child of the age of appellant is *prima facie* exempt from responsibility, but testimony is admissible to show the contrary." Mayor vs. McLain, 6 So. R. 774; Central Trust Co. vs. Wabash, St. L. & P. R. R. Co., 31 Fed. Reporter 246; 15 Wall. 401; 17 Wall. 657; Morgan vs. Brooklyn R. R. Co., 38 N. Y. 455; 38 N. Y. 445; 26 Conn. 591; 57 Penn. 187; 65 Penn. 269; 53 Ala. 70; 23 Wis. 186; 41 Ia. 71; 58 Ill. 226; Borksdoll vs. Railroad, 23 An. 180; Merkins vs. Blaise, 37 An. 92; Beach, Contributory Negligence, par. 39, p. 120; Wharton, Negligence, pars. 310, 322.

As a rule, the presumption is that a minor is not responsible for his contracts. There are exceptions, and the situation and necessities of the minor may be such that his contract may be binding upon him. These exceptions must be averred and proved. And for a like reason the child of tender years being *prima facie* incapable of taking care of himself, and therefore presumptively relieved from the consequences of his act, the exceptional capacity and maturity of the child must be pleaded by the defendant in his answer. There was no averment of this in the answer. But evidence was introduced on this point without objection. We will therefore consider it.

The evidence does not impress us with the belief that the boy Richard was endowed with exceptional capacity and maturity beyond his years.

He went to school, but was only in his first letters. He was a bright and sprightly boy. His capacity is best expressed in the words of his teacher, that he was a " bright and obedient boy." That he was not considered of exceptional capacity and maturity by his parents is proved by the fact that he was, when permitted to go on the streets, accompanied by a nurse. She accompanied him to school, and when unable to do so the teacher went for him and accompanied him.

On the day of the unfortunate accident he eluded the vigilance of his parents and escaped to the street.

In the case of Lynch vs. Nurdin the child injured was under 7 years of age. He climbed on a cart left standing and unattended on the street by the defendant. Another child started the horse, and the child who was on the wheel was thrown from it and under it, and his leg broken. The defendant was held liable, though the child, the plaintiff, was a trespasser. In this case the court said: "Ordinary care must mean that degree of care which may be reasonably expected from a person in plaintiff's situation; and this would evidently be very small indeed in so young a child. But this case presents more than the want of care; we find in it the positive misconduct of the plaintiff as an active instrument toward the effect."

The doctrine announced in this case has been affirmed in every court of last resort where it has been presented in this country, except in the courts of Massachusetts. Beach Contributory Neg., par. 45-47, p. 145; 2 Thompson on Neg., par. 39, p. 1192.

In the case of Railroad Company vs. Stout, 17 Wall. 660, where the child, Mary Stout, was 6 years of age, the law, in the case of Lynch vs. Nurdin, was affirmed.

Justice Hunt, the organ of the Supreme Court of the United States, said: "It is well settled that the conduct of an infant of tender years is not to be judged by the same rule which governs that of an adult. While it is the general rule in regard to an adult, that to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must himself have been free from fault. Such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case." 2 Wharton on Neg., par. 309.

On this subject Mr. Wharton says in his work on Negligence, par. 314:    *    *    *    "Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. The caution required is according to the maturity and capacity of the child, a matter as we have seen to be determined in each case by the circumstances of the case."

In paragraph 315 he says: "But in cases where a child mischievously meddles with a machine or other dangerous agency, or with structures in public streets, another phase of facts presents itself,

and a result is reached, which, though differing superficially from the last stated case, accords with it in principle.

"In the case just mentioned the railroad engineer or the driver of a carriage is held liable if, by the exercise of due diligence, he could have avoided running over the child. Supposing, however, a well is left open, or machinery is exposed, and a child is thereby damaged? Again we say, notwithstanding the high authority to the contrary, that the negligence of the child's parents has nothing to do with the issue. That issue is, was it negligence to leave the well or the machinery exposed? And this issue must be determined by the test whether such an exposure is consistent with the mode of action of a prudent and skilful business man. In applying this test we must necessarily view the community as a mass. To make a machine that would not be dangerous if tampered with by a meddlesome boy would be impossible; and therefore a good business man does not undertake to make a machine that would not be dangerous if tampered with by a meddlesome child. In other words, it is not a condition of the diligence of a good specialist that he should construct a machine with which a meddlesome child could not injure himself; but it is part of the condition of a good specialist that he should not negligently start in the streets a machine which destroys a child, no matter how meddlesome. And it is part of the diligence thus spoken of not to leave a dangerous machine (which it is not negligence to place in a private apartment) in a public street where it may be unconsciously handled by passengers or meddled with by idlers or children." Kiffe vs. Railroad, 21 Minn. 207.

To the same effect as the above is the doctrine in the numerous "turn table cases," which is as follows:

"A child injured while trespassing has no right of action, unless injured by the negligence of defendant when the injury might have been avoided by ordinary care on defendant's part. But when a child of tender years commits a mere trespass and is injured by agencies that to an adult would be open and obvious warnings of danger, but not so to a child, he is not debarred from recovering if the things instrumental in his injury were left exposed and unguarded, and were of such a character as to be likely to attract children, excite their curiosity and lead to their injury while they were pursuing their childish instincts.

" Such dangerous and attractive instrumentalities become an invitation by implication." Am. and Eng. Ency. of Law, Vol. 4, p. 53.

In the instant case the boy Richard was in his parents' yard, and was allured by the exposed machine to elude the vigilance of his parents in order to get on the roller. It was dangerous. It was of such a character as to excite his curiosity, and lead to the injury inflicted upon him while he was in the pursuit of his childish instinct. It was an invitation to him by implication. The machine was in a public place, on a public street, in close proximity to the yard of the plaintiffs. It was left exposed, unguarded and unsecured. The child Richard was of that tender age when childish instincts are probably at their fullest intensity.

The defendants are responsible in damages for the injury inflicted upon him.

### SECOND CAUSE OF ACTION.

In order that the plaintiffs be entitled to recover under this cause of action, under Act 71 of 1884, they must be free from negligence proximately contributing to their son's injury. 2 Thompson on Negligence, par. 37, p. 1191.

The evidence does not establish the parents' negligence. The child was forbidden the streets without an attendant. The gate was locked in order to keep him in the yard inclosure. He escaped from the yard over the fence into the street, where he got on the roller, not a half street distant, and opposite, or nearly opposite, the parents' residence.

But had no precaution been observed to confine the child, it would not have been negligence for the parent to permit a child of his age to go on the sidewalk in front of the residence. Parents are not obliged to restrain their children within doors at their peril. 2 Thompson on Negligence, par. 34, p. 1185; Morgan vs. Brooklyn, 38 N. Y. 455; Burksdoll vs. Railroad, 23 An. 180; Mullins vs. Blaise, 37 An. 92.

It has been held that the mere fact that a child five years of age strayed more than two blocks from home, at play with other children, is not of itself evidence of contributory negligence on the part of its parents. 2 Thompson on Neg., Sec. 35, p. 1188, Note.

In this case the child was in the parents' yard, and by the dangerous machine of the defendant was induced to leave it.

From the circumstance in the case, it is evident the plaintiffs were

NEW ORLEANS, JANUARY, 1891. 73

Westerfield et al. vs. Levis Bros. et als.

not guilty of any negligence that proximately contributed to the accident.

---

On the first cause of action the plaintiff's are entitled to recover damages, for the suffering of the child. He was painfully injured, lacerated about the abdomen, and his body severely injured in other places. He lingered for five days, and during that time must necessarily have suffered intense agony and pain.

We fix the damages for this item at $1000.

For the second cause of action the plaintiffs would only be entitled to nominal damages. If we could compensate in money for the grief of the parents at the loss of their boy, the deprivation of his society, the endearment and affection which has been lost to them, there is nothing in the record to enable us to do so. Nor is there any evidence upon which we can base an estimate for the expenses incurred by the parents for the last sickness.

It is therefore ordered, adjudged and decreed that our former decree in this case be avoided and reversed, and it is further ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and set aside, and it is now ordered, adjudged and decreed that there be judgment for the plaintiff in the sum of $1000, appellee to pay all costs.

## DISSENTING OPINION.

FENNER, J. We originally decided this case in favor of defendants by affirming the judgment appealed from.

On application for rehearing the court sets aside its former decree and decides in favor of plaintiffs.

I extract from the original opinion a statement of the facts of the case, the correctness of which was not impugned even in the application for rehearing:

"The defendants were engaged in paving Coliseum street with Gloster gravel. The iron roller in question was one of two which were employed by them as necessary implements for the prosecution of the work. The other roller having met with an accident, the driver of this roller was called to go to it, at a distance of two or three squares, to render assistance. He drove to a point on St. Mary street, near the crossing of Coliseum, and left his team against the sidewalk, nearly opposite the residence of plaintiffs. The mules

were gentle, accustomed to stand, and disinclined to move and pull the heavy roller without urging.

"The minor child of plaintiffs was a bold, active, intelligent boy of 5 years and 7 months of age, whom it was difficult to keep out of the street, although his parents usually kept their gate locked. Their yard was separated from the adjoining lot by a wooden partition which the boy had no difficulty in climbing, and the evidence shows that he was frequently in the street unattended. On the occasion in question his proceedings were observed by an invalid lady who sat upon her gallery in view of plaintiffs' premises. She first observed him within his yard trying to start the mules by pelting them with pieces of mud or dirt. Failing in this, he clambered over the partition, and running to the roller, began to climb up it. She called out to him 'Don't, Richie,' and he, hearing her, and, as she says, evidently thinking some one in his house had called, jumped down, ran and climbed back into his yard. Presently he came over again and began to mount the roller, when she again called to him : 'Oh, Richie ; don't Richie !' whereupon he again got down ; but looking around and seeing that it was she who called, he paid no attention and again began to climb the roller. She still called to him, as she says, 'in tones of alarm and entreaty,' 'Oh, don't, Richie !' but in spite of the warning he mounted, got into the driver's seat, and, catching hold of the reins, started the mules. The excitement, in her condition of nervous prostration, caused her to faint, and she saw no more of the accident. Another lady testifies to his pelting of the mules, and also heard him, from her chamber, cry 'Gee up,' on which she ran out and saw the mules moving off with him in the seat and holding the reins. The attention of other persons was attracted, who began to cry out 'Whoa' to the mules, and ran to stop them ; but before they could reach them the little fellow tried to get down, and in the effort was caught between the frame work and the iron roller, and was fatally injured."

I take pleasure in commending the majority opinion for its learned and lucid statement of the law and careful review of the authorities. I deduce from these the following propositions of law, in which I concur.

1. Children of tender years are not held to the same degree of care and caution required of adults, but only to that degree of care and propriety of conduct which may be expected of children of the

Westerfield et al. vs. Levis Bros. et als.

:same maturity and capacity, to be determined according to the circumstances of each particular case.

· 2. The particular age at which children may be held responsible for some degree of care is, as Mr. Bishop says, "not made definite by adjudications, but depends upon the particular case, with its circumstances, and the intelligence of the individual child; and the minor, *of whatever age*, is required to exercise the care which, under the circumstances, is reasonably to be expected of one of his particular age and capacity, a lack whereof is, if contributory to the injury, the barring contributory negligence." Bishop, Non-Contract Law, Sec. 586.

3. No doubt a child of extremely tender years would be held as matter of law to be irresponsible for any degree of care, but after a child passes the age of 5 years human experience teaches that he has some discretion, some capacity for distinguishing between right and wrong, and for caring for his own safety. Mr. Thompson sensibly defines the rule to be: "If there is any doubt as to the child being of the age and capacity that in law constitutes one (in any degree) *sui juris*, it should be submitted to the jury to say by their verdict whether he is or not;" and he quotes cases where such was held to be the proper course in cases of children of 6, of 5 and 6 months, of 5, and of 4 years and 7 months old. 2 Thompson on Negligence, p. 1182.

In the case of a child 5 years and 9 months old the Supreme Court of Maryland held it to be a proper question for the jury whether "the accident could not have been avoided by the exercise of such care and caution as ought under the circumstances to be reasonably expected from one of his age and intelligence." McMahon vs. R. R. Co., 39 Md. 438.

The question in this case is whether, under the particular circumstances, this child of 5 years and 7 months, shown to be bright and intelligent, exercised that care and caution which might be reasonably expected from children of like age and capacity under similar circumstances. This is not a question of law, but of fact, which in the common law States would go to the jury, whose finding thereon could not be reviewed.

It was, on the prayer of plaintiffs themselves, submitted to a jury in this case, which found unanimously in favor of defendants.

Under our peculiar jurisdiction we have power to review the

verdict both on the law and facts; but it is difficult to conceive of a question on which the verdict of a jury should have greater weight. It is a question of observation and experience as to which the judgment of any *pater familias*, unskilled in the law, would be just as valuable as that of the most learned jurisconsult.

The circumstances of this case are exceptional and extraordinary, without a parallel in any case cited, except that of Wendell vs. R. R., 91 N. Y. 420, where the circumstance that the child acted in defiance of warning defeated his claim.

They exhibit a mischievous purpose, conceived by an intelligent boy, acted on in defiance of repeated and strenuous warnings given at the moment, accompanied with clear consciousness of wrong-doing, evidenced by his running away when first warned, desisting again temporarily at the second warning, renewing his misconduct only when he discovered the helplessness of the person warning him, and finally by his jumping off in order to escape when he saw persons running toward him, without which latter act he would not have been hurt.

I am bound to hold that such conduct, under such circumstances, did not exhibit that care and propriety which are reasonably to be expected from the ordinary run of children of even his tender years.

Warnings given at the moment operate to check the natural heedlessness of childhood and to counteract its lack of comprehension. Very few children of his age would have disregarded and defied them so recklessly. This feature radically distinguishes this case from Lynch vs. Nurdin, and all the others relied on in the majority opinion.

The case against the defendants is not aggravated by any gross and criminal negligence on the part of their agent. He left his mules only for a brief period, and on urgent occasion. The mules were gentle and accustomed to stand. The roller was heavy and difficult to pull, and there was no likelihood of their running away with it, or moving, even if started, otherwise then at a slow pace, little likely to hurt anybody. The roller was not a dangerous machine, but, on the contrary, innocent, and little likely to injure any one. This boy might have climbed upon and over it to his heart's content without danger. He might even have driven it without the slightest peril. The cause of his injury was simply his act, inspired by his consciousness of wrong-doing, in jumping off to escape being caught in his mischief. While sympathizing with the bereaved

Westerfield et al. vs. Levis Bros. et als.

parents, I think they have no case for damages against these defendants, and I therefore dissent.

### DISSENTING OPINION.

BERMUDEZ, C. J. While the correctness of the legal principles invoked is not contested, their application to the exceptional facts of this case is not easily perceived. Conceding that the child was, to some extent, deficient, his consciousness or responsibility is undeniable from the circumstance that he was several times admonished, and nevertheless persisted in provoking the mules to move. The deficiency was thereby fully supplemented.

Although children may enjoy the open spaces, still they strictly have no right to play and expose themselves to peril on the thoroughfares, the *streets* properly, which are constantly run over by vehicles, and in a condition of danger.

The liability of the masters for the omission or commission of their servant is not so clearly established as to fix liability on the defendants.

### ON MOTION TO FILE APPLICATION FOR A REHEARING.

The defendants have moved for the filing of a petition for a *rehearing*.

The application can not be granted. The case was first decided in favor of the defendants by a divided court.

On an application for a rehearing by the plaintiffs an oral argument was allowed and heard and the case submitted.

After consideration, the court by a majority granted a rehearing, and, without refixing the case, rendered judgment setting aside its previous decree, reversing the finding below, and deciding in favor of the plaintiffs.

In doing so it passed on matters which had been previously considered, and made no reserve for an application for a rehearing on the second judgment.

Under the rules this court has the right, even where no argument has been heard, on the application for a rehearing, to grant such and pass upon the case immediately, *or* assign it to a day for argument; and only one rehearing is granted, unless matters are decided which had not been previously considered, and reserve made for a rehearing. (Rule 9, Secs. 3 and 5); L. D. 57 (3) 32 An. 356; 37 An. 727.

It is true that, in the body of the decree, it was not expressly stated that the rehearing was granted; the fact is that it was granted, as sufficiently appears from the heading of the opinion as "On Rehearing," a circumstance implying the same, from the nature of the decree rendered.

The motion is denied.