## DIPINO et ux. v. JOE GULINO & SON.*
### No. 14921.

Court of Appeal of Louisiana. Orleans.
May 21, 1934.

Felix W. Gaudin and Edna K. Gaudet, both of New Orleans, for appellants.

Fred A. Middleton, of New Orleans, for appellees.

JANVIER, Judge.

Dolores Dipino, six years of age, received injuries when she, while walking along a sidewalk in the town of Kenner, was struck by an automobile truck of defendants, which truck was being backed from the private driveway of defendants across the public sidewalk and into the street. The parents of the young girl bring this suit on her behalf, claiming for her use and benefit the sum of $5,000, and alleging that the accident resulted solely from negligence on the part of the driver of the truck in backing it across the sidewalk without looking to see if there were any pedestrians in the path of danger and without giving proper warning of his intention.

Defendants admit the ownership of the truck, and that it was at the time being op-erated by one of the members of the partnership and on behalf of the partnership, and they also admit that the child received injuries, the seriousness of which, however, they deny.

They assert that the driver of the truck had given proper warning of the intended maneuver, and that he had taken all reasonable precaution to ascertain if there were any pedestrians in dangerous proximity to the driveway. They deny that the child was struck and run over by the truck, but maintain that she, with her eyes closed in imitation of a blind man who lived nearby, walked into the side of the truck, the driver being previously unaware of her presence because of the high weeds alongside the driveway and adjacent to the sidewalk.

In the district court there was judgment in favor of defendants, and the suit of plaintiffs was dismissed.

The evidence as to the actual occurrence of the accident is very meager. In fact, no one saw the truck and the little girl as they came into contact. Because of her age and on account of her subsequent pain and suffering, the recollection of the child herself is manifestly very faulty.

The driver states that, when he had entered the cab of the truck and had assumed his position at the wheel, he sounded the horn and then looked through the glass window in the rear of the cab, and, seeing no one, proceeded slowly for a distance of about twelve feet toward the curb of the sidewalk, and that, as the wheels of the truck reached the curb, he looked out of the left side, turning his head and looking over his left shoulder, and saw the child lying on the ground parallel to the side of the truck. The vehicle, loaded as it was, weighed more than two tons, and we feel that, had one of the wheels of so heavy a vehicle actually passed over the abdomen of so young a child, death would have been the inevitable result. We conclude that, though there is no direct positive evidence on this point, the opinion of one of the doctors that the truck did not pass over the body must be well founded. If, then, the rear end of the truck did not strike the child, the point of contact must have been the side, and, if that be true, then, manifestly, there would have been no contact had not the child walked into the truck. This is of importance, not in establishing negligence on the part of the child—because of her immaturity she was incapable of being legally negligent—but be-

cause it establishes the fact that she was not in the driveway as the truck backed along it, but was on the sidewalk at least a few feet to the side of the driveway and screened from view by the weeds, the presence of which is not denied.

We find no contradiction of the driver's testimony that he sounded the horn and that he looked through the rear window before backing the truck, and, since the conclusion of our brother below that such precautions were taken is not manifestly unfounded, we ourselves conclude that the driver's statement in this regard is true. The district judge could not have dismissed plaintiffs' suit without reaching the conclusion that these precautions were taken, because otherwise it would have been impossible to have held the driver free from negligence.

Having, then, accepted as facts that the truck was backed slowly, that the horn was sounded, and that the driver looked and saw no pedestrians, we approach the question of whether, under such conditions, the law places any additional duties upon an automobile operator.

It must be conceded that backing an automobile from a private driveway across a sidewalk is dangerous and should not be attempted without extraordinary precautions. In Hight v. Casanas, 6 La. App. 30, in a syllabus written by the court, it is said that "it is imprudent to back out an automobile from its garage across the sidewalk without taking extra precautions to avoid running down passersby."

However, the automobile driver is not an insurer of the safety of pedestrians who may be nearby. It cannot be said that one who drives an automobile backward across the sidewalk is liable for anything which may occur, regardless of the precautions which he may have taken. Such movements are necessary under certain circumstances, and all that is required is that such a driver exercise such care as a prudent person with a realization of the extreme danger should exercise. In Blashfield's Cyclopedia of Automobile Law, Vol. 5, Cumulative Service, chapter 27, page 550, we find it stated that: "In backing an automobile from a private driveway onto a public street, one must exercise that degree of caution and vigilance that an ordinarily careful and prudent driver would exercise under similar circumstances so as not to come in collision with or injure others approaching from behind."

We believe that Mr. Blashfield has properly stated the rule. To require more care than was exercised by the driver here would be to make him, to all intents and purposes, an insurer of the safety of persons nearby. He gave warning, he looked backward, and saw nothing. The accident occurred, not because he failed in his duty, but solely because the child did what no one would have expected. She emerged from a position in which she could not be seen and walked into the side of the truck. We find no negligence in the driver and, consequently, the judgment appealed from is affirmed.

Affirmed.

*Rehearing denied June 11, 1934.