147 So.2d 739 (1962)
Anthony DANNA, Plaintiff-Appellee,
v.
LONDON GUARANTEE & ACCIDENT COMPANY, Ltd., et al., Defendants-Appellants.
No. 9790.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1962.
*740 Theus, Grisham, Davis, Leigh & Brown, Monroe, for appellants.
Coon & Coon, Monroe, for appellee.
Before HARDY, GLADNEY and BOLIN, JJ.
BOLIN, Judge.
This action ex delicto was instituted by Anthony Danna to recover damages individually and in behalf of his minor son, Jerry Wayne Danna, against London Guarantee & Accident Company, Ltd., Harold G. Rabun and Marvin M. Rabun. The demands against Marvin M. Rabun were dismissed in appropriate proceedings and are no longer urged. Following trial on the merits, judgment was rendered in favor of plaintiff for a stipulated quantum and defendants have appealed solely on the issue of liability.
The injuries complained of resulted from an accident which occurred on April 30, 1960, when the automobile of Marvin M. Rabun, driven by Harold G. Rabun, with the permission of the owner, struck the bicycle being ridden by Jerry Wayne Danna on Lock Drive in Monroe, Louisiana. Near the scene of the collision are numerous apartment houses on both sides of the street and on the Saturday afternoon of the occurrence a number of children were playing on both sides of the street. Lock Drive is a concrete surfaced thoroughfare having a width of 19 feet 4 inches. On the east side abutting the street pavement there is a concrete strip about 8 feet in width raised several inches above the level of the street used for cars parking parallel to but off the street pavement. At the time of the accident several cars were parked along this parking strip on the east side of the street, although the testimony does not indicate with certainty the exact location and number of parked cars.
The evidence reveals the weather conditions were normal and the street dry. Rabun was driving his vehicle south. When he reached a point approximately opposite the Danna apartment, the left front fender and headlight of his automobile struck the front of a bicycle being ridden by Jerry Wayne Danna, who sustained serious and permanent injuries.
Plaintiff principally rests his cause of action on charges that Rabun was driving at an excessive rate of speed under the circumstances; that he was not maintaining a proper lookout; and that he was afflicted with defective vision in his left eye which prevented him from maintaining a sufficient observation.
Plaintiff offered the testimony of Mr. and Mrs. S. D. Crawford, Mrs. Lucille Watson, Mrs. Archie Whitlock, Raymond Llewellan, and Madison Frith. In addition to himself, defendant produced only the testimony of Officer Gerald Edward Cowart of the Monroe Police Department.
The trial court gave written reasons for its judgment, holding that Rabun was guilty of excessive speed and not maintaining a *741 proper lookout, and that these negligent acts were proximate causes of the accident. He outlined in detail the testimony of each witness and summarized his findings as follows:
"The witnesses, other than Mr. Rabun, testified that his car traveled 35 or 40 feet after the impact. It was established that the child was thrown over the hood of the car. His bicycle suffered such a blow that it was broken into three parts. Raymond Llewellan, who was standing on the side of the street when the automobile passed him, fixed his speed at 30 to 35 miles per hour. Mrs. Whitlock estimated his speed at 20 to 25 miles per hour; Mr. Frith at 30 miles per hour, and Mrs. Crawford at 25 to 30 miles per hour. In view of these facts and the fact that the defendant knew that it was customary for children to play in the street and alongside the street and that children were playing there at the time of the accident, the Court is of the opinion that he was driving his automobile at a speed inconsistent with the safety of the children in that area at that time.
"Mrs. Whitlock stated that she saw Jerry Wayne Danna riding his bicycle down the sidewalk toward the street before the accident happened. Mr. Llewellan stated that he also saw the boy riding towards the street before the accident. If these witnesses saw the Danna boy approaching the street on his bicycle, the Court is of the opinion that had Mr. Rabun been keeping a proper lookout he also could have seen the child in time to avoid the accident. Two of the witnesses testified that there was a car length distance between the cars parked, which afforded the car driver an opportunity to have seen the child prior to the accident. Mr. Rabun testified that he was on his right side of the street at the time of the impact. Some of the witnesses fixed the point of impact toward the center or a little to the driver's left of the center portion of the street. If the driver was on his right side of the street as he said he was, then the Danna child traveled across the east portion of the street before the impact and if Mr. Rabun was driving at the rate of speed that he testified he was and had been keeping a proper lookout, he could have stopped his car before the impact.
"From these facts the Court is of the opinion that the proximate cause of the accident was the speed of the Rabun automobile and the driver's failure to keep a proper lookout."
Unless the above findings are manifestly in error, the holding that Rabun was guilty of negligence which was a proximate cause of the accident should be affirmed. Our examination of the record fails to disclose such error. Excessive speed and failure to keep a proper lookout in a densely populated area where children are known to be playing in and around the streets clearly constituted negligence. Rainwater v. Boatright (La.App. 2 Cir., 1952), 61 So.2d 212 and Stamps v. Henderson (La.App. 2 Cir., 1946), 25 So.2d 305.
Having found the defendant Rabun guilty of negligence which was a proximate cause of the accident we now examine the question of the contributory negligence of Jerry Danna, who at the time of his injuries was 8 years and 4 months of age.
We have been cited to numerous cases setting forth the general rule as well as the Louisiana rule relative to negligence on the part of children and we are aware of the two-pronged nature of the problem, i. e., capacity and standard of care applicable.
The two Louisiana cases most nearly in point are Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A.,N.S., 480 (1907) and Downey v. Baton Rouge Elec. & Gas Co., 122 La. 481, 47 So. 837 (1908).
*742 In the Lynch case the court held an eight-year-old child guilty of negligence in going upon stacked lumber, part of which fell causing injuries resulting in death. The court there stated:
"The child who met her death was bright and intelligent. We have seen that she was eight years old and old enough to fall within the rule of contributory negligence. Westerfield v. Levis Bros., 43 La.Ann. 63, 9 So. 52. The child was sui juris as relates to negligence and the condition under which she met with the accident.
"Moreover, she had been confided by her mother to an older sister, who was about 13 years of age. The little party, in leaving the street as they did and going on the lumber pile and moving some of the pieces, are not without blame. Some of the pieces fell over and fatally wounded the little girl. The lumber was in the usual place, and it does not appear that defendant was negligent in regard to it."
In the Downey case the Supreme Court, reversing a lower court judgment in favor of plaintiff, held a boy eight years and ten months old guilty of contributory negligence, the court declaring:
"We think that the death of the boy was due to his own rash act, and not to the negligence of the defendant company, if any negligence there was. He was a healthy, well-grown, intelligent child, and of an age when intelligent children must be held to know better than run upon a railway track a few feet ahead of a moving car. He saw the approaching train, and voluntarily attempted to pass ahead of it. * * * In regard to the age when children are chargeable with contributory negligence, see (citing numerous common law cases); and particularly Lynch v. Knoop, 118 La. 618, 43 South. 252, 8 L.R.A.(N.S.) 480, 118 Am.St.Rep. 391."
It is urged that the Downey case, supra, is very similar to the case at bar and enunciates the rule of law to be applied in determining the negligence or non-negligence of actions of a normally intelligent child between the ages of eight and nine years. Appellants find the case strikingly similar to the present one, stating the only difference being the type of vehicle involved. However in the Downey case there was ample testimony to the effect that the child had been playing for some time on the banquette in full view of the approaching train and had in fact observed the train but in the present case there is no evidence that Jerry Danna knew of the proximity of Rabun's automobile or apprehended the danger when he rode his bicycle into the street.
In the case of Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958), the court enunciated the following principles:
"`* * * As to the child plaintiff, however, the caution required is determined according to the maturity and capacity of the plaintiff under the particular circumstances of the case.'
* * * * * *
"* * * In order to constitute contributory negligence Rhett must have done something that exposed him to danger and he must have acted knowingly and heedlessly with reckless disregard for the consequences."
So, even should Jerry Danna be of sufficient age, intelligence and experience to be capable of contributory negligence we find that his actions in this instance are more compatible with our conception of the normal impulsive actions of an eight-year-old boy than of actions indicating gross disregard of one's safety in the face of known, perceived and understood danger.
After a painstaking review of the record we, like our brother below, have concluded the accident was caused solely by the negligence of defendant Rabun and the judgment *743 appealed from is accordingly affirmed at appellants' costs.
Affirmed.
GLADNEY, Judge (dissenting).
I respectfully dissent from the opinion of the majority of the Court, first, with respect to its finding that the speed of the Rabun vehicle was excessive, and secondly, with respect to its failure to sustain the special plea of contributory negligence filed on behalf of appellants.
Examination of the record has convinced me that the testimony of the several witnesses who estimated the speed of the Rabun vehicle at from fifteen to thirty-five miles per hour was of doubtful probative value due to their inability to make proper observation from their location at the time, or due to their failure to give such qualified opinions as would enable the Court to determine with certainty that the speed was excessive. Rabun's testimony, for example, if accepted as truthful, is entitled to more weight than that of Raymond Llewellen, a fifteen year old boy who had never driven an automobile. The opinion also fails to attach any importance to the tire marks of the Rabun car, four feet in length, as testified to by the police officer who investigated the accident. This fact, in my opinion, serves to corroborate the testimony of Rabun that he was driving only twelve to fifteen miles per hour and did bring his vehicle to a stop within three feet of the impact.
But, arguendo, conceding negligence by Rabun, it is apparent, I think, that Jerry Wayne Danna must be adjudged guilty of contributory negligence. At the time of the accident he was eight years and four months of age, and of normal intelligence. The standard of care exacted of such a child is prescribed in our jurisprudence, of which the following comments are illustrative:
The following comment of the court in Government Employers Insurance Company v. Davis, 266 F.2d 760, 763 (C.A.1959) is apropos:
"The Louisiana cases recognize the necessity of distinguishing between the capacity of a minor to be guilty of contributory negligence at all and the standard of care required of the minor. Louisiana in effect, follows the analysis recommended in an excellent annotation in 174 A.L.R. 1080, 1083, on `Contributory Negligence of Children,'
"`Basically, the present subject is divisible into three main parts, namely: (1) whether a child of a given age is chargeable at all with contributory negligence, (2) the bare question of capability being affirmatively established, the determination of the proper standard of care, and (3) whether a child capable of contributory negligence has complied with the particular standard of care with which he is specifically charged. Failure to recognize these divisible parts of the subject renders difficult any proper understanding of the rules established and followed in various jurisdictions.'
"Once it has been established that a child is capable of contributory negligence, the Louisiana cases recognize that such negligence is not necessarily measured by the same standard as that applicable to an adult, but `that the negligence of a child must be judged in accordance with his experience, age, understanding, development, intelligence and capacity.' Jenkins v. Firemen's Insurance Co. of Newark, N.J., supra, [La.App.] 83 So.2d at p. 501."
In Westerfield v. Levis et al., 43 La.Ann. 63, 9 So. 52, 54, 55 (1891), the Supreme Court in refusing to hold that a boy of five years and seven months was capable of contributory negligence, stated:
"Under the Roman law, several degrees of infancy are recognized. The first is absolute infancy,in the literal *744 sense, speechless; after that, until the age of seven, a child is infantiae proximus; and from the eighth year to puberty, he is pubertati proximus. The child's responsibility in American jurisprudence for his acts is a question of capacity, and it has been found a difficult question, and has been in many courts a very fruitful source of controversy, as to what age is sufficient to constitute a child sui juris. Where there is no doubt as to the capacity of the child, at one extreme or the other, to avoid danger, the court will decide it as a matter of law.
* * * * * *
"`If, however, the child is old enough to have some perception of danger, and capable of exercising other faculties for its self-preservation, it is held bound to do so, but only as effectually as can be reasonably expected of a child of its maturity and capacity.'
"The boy Richard was of that age, according to the Roman law, which placed him nearer the line of the first stage of infancy than puberty. But he evidently had attained that degree of maturity when he was capable of some slight degree of discernment, and was capable to some extent of exercising his faculties for self-preservation. His conduct must be judged by this degree of capacity."
Likewise, in Jackson v. Jones et al., 224 La. 403, 69 So.2d 729 (1954) and Dipino et ux. v. Joe Gulino & Son, La.App., 154 So. 772 (Orl.1934), children aged seven and six years respectively were held not old enough to fall within the rule of contributory negligence. On the other hand, in Lynch v. Knoop, 118 La. 611, 43 So. 252, 255, 8 L.R.A.,N.S., 480 (1907), and Downey et ux. v. Baton Rouge Electric & Gas Company et al., 122 La. 481, 47 So. 837, 839 (1908), children aged eight years and eight years and ten months, respectively, were held guilty of contributory negligence. However, in Kahn v. Shreveport Railways Company, La.App., 161 So. 636, 638 (2d Cir.1935), an eight and one-half year old boy was riding a bicycle, being overtaken by a street car. The motorman sounded the whistle, but the boy gave no indication of having heard the the whistle and attempted to pass a parked car. The street car hit the bicycle, causing the injuries for which the suit was instituted. In that case the court allowed plaintiff to recover, stating:
"Undoubtedly, Bobbie should have heard the signal and should have looked behind before changing his course to pass the automobile. The necessity for so doing would have been apparent to an adult, or perhaps an older child.
"A bright child of 8½ years is capable of contributory negligence. Downey v. Baton Rouge Electric & Gas Co., 122 La. 481, 47 So. 837; Lynch v. Knoop, 118 La. 611, 43 So. 252, 8 L.R.A. (N.S.) 480, 118 Am.St.Rep. 391, 10 Ann.Cas. 807. But his conduct is not governed by the same rule which applies to an adult. He is only required to exercise that care which is expected of a child of like age, intelligence and experience. Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52; Restatement of the Law of Negligence, § 283, E, p. 743.
"Applying this test, we do not find that Bobbie's failure to hear or heed the signal amounted to negligence."
Returning to the instant case, the record sufficiently establishes the fact that Jerry Wayne Danna drove his bicycle from a sidewalk running perpendicular to the street, directly into the street, from behind a parked car, which of necessity must have obscured his own vision as well as the vision of Rabun. Rabun testified he did not see and could not see young Danna in time to avoid striking his bicycle. The boy did not testify.
Riding a bicycle from behind a parked car in the middle of the block into a narrow *745 street such as Lock Drive, in front of an oncoming automobile, is a heedless and reckless act and constitutes contributory negligence, if a normal child of eight years and four months may be held responsible for contributory negligence. Measured by the legal principles above enumerated, Jerry Wayne Danna was contributorily negligent.