395 So.2d 737 (1981)
Bobby LEWIS et ux.,
v.
Leslie Michael TILL et al.
No. 80-C-1977.
Supreme Court of Louisiana.
March 2, 1981.
Alonzo P. Wilson, Trimble, Randow, Smith & Wilson, Alexandria, for plaintiffs-applicants.
*738 James A. Bolen, Jr., Gregory S. Erwin, Bolen & Erwin, Alexandria, for defendants-respondents.
WATSON, Justice.
Plaintiffs, Bobby and Jennifer Bertram Lewis, seek damages for the death of their eighteen month old son Scott. At issue is whether the father has a cause of action against the homeowners' insurer if the negligence of the mother contributed to the accident.
Scott A. Lewis died after he was hit by a GMC pickup truck in the driveway of 2228 Madeline Street, Alexandria, Louisiana, on July 7, 1978. Negligence was averred on the part of the minor driver of the pickup, Leslie Michael Till. The various defendants answered alleging contributory negligence on the part of the mother. The father, Bobby Lewis, then made an alternative demand against the homeowners' insurer, Fireman's Fund Insurance Company, asserting that, if his wife were negligent, he is entitled to recover against Fireman's Fund. Fireman's Fund received a summary judgment on the alternative demand as to all claims except funeral expenses. The Court of Appeal, Third Circuit, affirmed the summary judgment as to the claim for general damages. The question of medical and funeral expenses under the policy was remanded for trial on the merits. The trial and appellate courts relied on Carter v. Salter, 351 So.2d 312 (La.App. 3 Cir. 1977), writ denied 352 So.2d 1045, to hold that any negligence by the wife would be imputed to the husband and bar survival and wrongful death actions by the father based on that negligence. A writ was granted to review the partial summary judgment in favor of Fireman's Fund Insurance Company. 393 So.2d 740 (La.,1980).
The Court of Appeal correctly disposed of the issue of medical and funeral expenses; the question of whether those expenses are covered by the policy must await trial on the merits. Lewis v. Till, 387 So.2d 706 (La.App. 3 Cir. 1980).
Under LSA-C.C. art. 2315, Scott's right to recover damages for his fatal injury survives in favor of the parents and they also have a right of action to recover their own damages for his wrongful death. The question is whether the father's claims are barred if the mother were negligent.
THE SURVIVAL ACTION:
"The plaintiffs inherit this action for damages suffered by the child from him, and it must be treated as though the child was alive and suing for an injury to himself." Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52 at 54 (1891).
Scott Lewis was too young to be capable of legal fault. Any contributory negligence by his mother is irrelevant to the child's cause of action against another tort-feasor whose fault was responsible for his damages. "[T]he negligence of the child's parents has nothing to do with the issue." Westerfield v. Levis, supra, at 9 So. 56. Thus, any negligence of Jennifer Lewis does not bar her right to benefit from the survival action. Austrum v. City of Baton Rouge, 282 So.2d 434 (La.,1973). The father's right to recover against a third party as his son's survivor is, of course, not affected by negligence on the part of the mother.
If Jennifer Lewis were guilty of negligence which was a concurrent cause in fact of her son's injuries, he could not sue her because of LSA-R.S. 9:571. This procedural bar would not destroy the cause of action. Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972). If such a cause of action existed, it passed to his surviving parents. Jennifer Lewis cannot recover as her son's survivor against her own insurer for any damages attributable to her fault. Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45 (1961).
There is no sound reason for imputing any negligence by the mother to the father. The obligations of the civil contract of marriage do not include liability for a spouse's torts. Adams v. Golson, 187 La. 363, 174 So. 876 (1937). Vitale v. Checker Cab Co., 166 La. 527, 117 So. 579 (1928) held that a husband's negligence is not imputed to the wife to prevent recovery for her injuries caused by that negligence but does *739 bar her action for his wrongful death. Monge v. New Orleans Ry. & Light Co., 145 La. 435, 82 So. 397 (1919); Clair v. Gaudet, 144 So.2d 638 (La.App. 4 Cir. 1962), and other jurisprudence hold that the wife's negligence is imputed to the husband. These cases, reluctantly followed in Carter v. Salter, supra, are contrary to the general rule that negligence can be imputed to an innocent party only when that party is legally responsible for the torts of the negligent party. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
Imputing the negligence of the wife to the husband but not the husband's to the wife has been justified on the ground that the wife's damages were separate property and the husband's community property. Vitale v. Checker Cab Co., supra. Thus, a wrongdoing wife might benefit from a husband's recovery on behalf of the community. Since any enrichment of the community would have been under the husband's control, direct benefit to the wife is questionable. This is a tenuous basis on which to defeat an otherwise valid action. The jurisprudential distinction is an unreasonable sex based discrimination which violates the Louisiana Constitution of 1974. Every person is guaranteed law and justice, administered without partiality, for injury to him or her. Article 1, Section 22, Louisiana Constitution of 1974.[1] Imputing the negligence of the wife to the husband, but not vice versa, is a form of partiality which is unjustified by statute and cannot be supported. An innocent party should not be barred from recovery because of an irrelevant legal relationship with a negligent party. Negligence of either spouse cannot be imputed to the other merely because of the marital relationship. Gaspard v. Lemmaire, supra. It is necessary to overrule Monge v. New Orleans Ry. & Light Co., supra; Carter v. Salter, supra; and other jurisprudence to the contrary.[2]
ACTION FOR WRONGFUL DEATH:
The parents' right to recover damages for the loss of their son differs from the survival action in that any contributory negligence by either bars recovery by that individual. Westerfield v. Levis, supra. However, again, any negligence by the wife would not be imputed to the husband. There is no allegation of negligence on the part of the father. If the mother were negligent, her action for her son's wrongful death is barred by that negligence. The father's right to recover is unaffected.
For the foregoing reasons, the partial summary judgment in favor of Fireman's Fund Insurance Company is reversed and the matter is remanded for trial on the merits.
REVERSED AND REMANDED.
MARCUS, J., dissents and assigns reasons.
LEMMON, J., concurs.
MARCUS, Justice (dissenting).
I see no compelling reason to overrule a long line of jurisprudence holding that the negligence of his wife is imputed to the husband. La.Civ.Code art. 2344 (Acts 1979, No. 709, § 1, eff. Jan. 1, 1980) now provides that damages due to personal injuries sustained during the existence of the community by a spouse are separate property. Accordingly, it will no longer be necessary to impute the negligence of the wife to the husband to prevent the wife from benefiting from enrichment of the community.
Moreover, I do not consider it proper for the court to address the constitutionality of the rule of law imputing the wife's negligence to the husband but not the husband's negligence to the wife because this issue was not pleaded or raised in the trial court.
*740 A litigant who fails to plead the unconstitutionality of a statute in the trial court cannot raise the constitutional issue in the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Summerell v. Philips, 258 La. 587, 247 So.2d 542 (1971).
Accordingly, I respectfully dissent.
NOTES
[1] Article 1 § 22, Louisiana Constitution of 1974 provides:

"All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights."
[2] Reversal of these cases, which rely on an "antique rule", brings Louisiana in line with the overwhelming majority of other jurisdictions. Prosser Torts 4th Ed., p. 914.