Statement' of the Case.
MONROE, J.
Plaintiff, individually and as tutor, sues for damages alleged to have been sustained by him and by his minor child by reason of the running over of the latter by an electric car, and he has appealed from a judgment awarding him $2,500 for the benefit of the child, and otherwise rejecting his demand. Defendant has answered the appeal praying that' the entire demand be rejected. It appears from the evidence that defendant owns the electric street railway within its corporate limits, including a single track which turns into Wood street, at' Jackson, and runs thence on Wood street across St. John to Grand, into which last-mentioned street it turns and continues northward the two squares, between Jackson and Grand streets, being each about 300 feet' long, and those on the south side of Wood street being occupied, respectively, by the courthouse and high school buildings, the grounds about which serve the purposes of parks. Plaintiff had a shoe shop in the building on the north side of Wood street, at the corner of Grand, which building fronts on Grand, and extends back about 65 feet on Wood street; and between 1 and 2 o’clock in' the afternoon of May 15, 1909, he became interested in the pursuit of a bird, which he followed across Wood street into the courthouse square. His wife remained in the shop, but a female relative of hers, carrying a baby in her arms, walked around on the north side of Wood street, and plaintiff’s little boy, about 20 months old, did likewise. The mother may have .thought that the father or the relative would look after the safety of the little boy, but the father was engaged in the pursuit of the bird and the relative was probably watching the father and was also, no doubt, occupied with the baby. At all events, neither of them appears to have taken much thought of the little boy, and he apparently, concluding to join his father, attempted to cross the street, and was run over by defendant’s car No. 17. The conductor and motorman of the car made and signed a written report on the day of the accident, which reads as follows:
“As we were going' west on our 1:45 trip on Wood street, Leon Dana, a two year old son of Joe Dana, was playing by the track. When in 8 feet of the child, it started across the track and was struck by Gar No. 17 and knocked down, one wheel running over its feet and crushing them. The car was brought to a stop before the back truck reached the child.”
This report falls considerably short of the whole truth, as disclosed by the testimony of those who made it and other witnesses, given on the trial of the case, and which is about as follows: The child had gone from the banquette into the street by the time the car reached St. John street, 235 feet to the eastward, and was seen by the conductor, and should have been seen by the motorman, almost as soon as it (the car) had passed the corner and in ample time to have enabled those in charge to have prevented it from running over him. When seen, he was facing the track, and, as we think, going in that direction. It is, how *141 ever, said by (he conductor and the motorman that he turned around in the direction of the banquette, and the motorman says that, seeing him do so, he assumed that the woman, whom he saw on the banquette, had called him and would see that he kept off the track, and that he (motorman) thereupon turned on the electric current (which he had previously turned off) so as to give the car a speed of seven or eight miles an hour, and the next thing he knew the child turned back and ran towards, and on the track, and that it was then too late to stop the car, since the speed was such that it could not be stopped in less than about thirty feet. [1] Neither he nor the conductor pretend that the child ever actually started back in the direction of the banquette, and as he was in dangerous proximity to the road, and as likely, or more likely, to continue in that direction, it was culpable negligence in the motorman not to keep the car under control until there no longer existed a possibility of his so doing; and by keeping the car under control we mean that he should have cut off the power, reduced the speed, and kept the brake chain wound up, so that he could have stopped the ear instantly or within one or two feet.
Opinion.
[2] One of the rules established by defendant reads (in part):
“If children are playing upon the street, immediately get car under control and proceed cautiously. Under no circumstances are you to take any chances or risks.”
The rule is founded in common sense and common humanity, and its nonobservance by the motorman was the proximate cause of the accident out of which this suit has arisen.
[3] We agree with our learned Brother of the district court that under our jurisprudence negligence cannot be imputed to a child 20 months old. Westerfield et al. v. Levis Bros. et al., 43 La. Ann. 63, 9 South. 52; Barnes v. Railroad Co., 47 La. Ann. 1218, 17 South. 782, 49 Am. St. Rep. 400; Rice v. Railroad Co., 51 La. Ann. 113, 24 South. 791; Buechner v. City of New Orleans, 112 La. 603, 36 South. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455.
[4] We are unable to concur in the view that $2,500 will compensate the child in whose behalf (he suit is brought for the injury sustained by him. He has lost his right foot and leg up to a point about four inches below the knee, and the flesh upon the sole of the other foot was mashed to a pulp, leaving much scarred tissue in the healing.' Whilst, therefore, the condition may be ameliorated by the use of an artificial limb, the sufferer must go through life with but one leg, and that somewhat impaired, denying himself many of the pleasures, and being deprived of many o'f the opportunities, which come to those who are better equipped. The amount will therefore be increased to $5,000.
We are also unable to concur in the view that the plaintiff is prevented by reason of his negligence in allowing the child to run at large from recovering the damages resulting to him from the negligence of the defendant. The proximate cause of the accident was the .failure of the motorman to observe the rule to which we have referred, and to exercise ordinary care after the danger had become apparent. Ortolano v. Morgan’s Co., 109 La. 902, 33 South. 914; Rice v. Cres. City R. Co., 51 La. Ann. 108, 24 South. 791; Westerfield et al. v. Levis Bros. et al., 43 La. Ann. 63, 9 South. 52; Sundmaker v. Railroad Co., 106 La. 117, 30 South. 285. The evidence shows that plaintiff has incurred a bill of $217 for surgical attention to his son, and we are of opinion that he is entitled to recover it.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by increasing the amount of the award in favor of the child to $5,000, and *143 by allowing the plaintiff individually the sum of $217. It is further decreed that as thus amended said judgment be affirmed.