the provisional seizure may have caused or may yet cause to the defendant is not compensable in money. The judgment is therefore not appealable. Mesritz v. Marks, 22 La. Ann. 249; Wolff v. McKinney, 21 La. Ann. 634.

Appeal dismissed.

·  ═══════

(82 South. 397)

No. 23095.

MONGE v. NEW ORLEANS RY. & LIGHT CO.

(June 2, 1919. Rehearing Denied June 30, 1919.)

(Syllabus by Editorial Staff.)

1. STREET RAILROADS ⬤⇒95(3)—INJURIES TO CHILD ON TRACKS—NEGLIGENCE.

A motorman, seeing a two year old child by itself on a street less than eight feet from the car track, should take all necessary precautions for guarding against the possibility of the child going suddenly on the track, and, in the case where a motorman failed to take such precaution and the child was injured, the verdict finding the street car company negligent was warranted.

2. PARENT AND CHILD ⬤⇒7(9)—INJURIES TO CHILD—CONTRIBUTORY NEGLIGENCE OF PARENT.

A mother, who allowed her two year old child to wander off to a narrow street upon which cars were known to travel fast, is culpably negligent, and, where the child was struck by a car and injured, the parents cannot recover expenses of medical treatment which they were obliged to furnish.

3. DAMAGES ⬤⇒132(7)—PERSONAL INJURIES—MEASURE.

An award of $2,000 in favor of a 20 months old child, who had both bones of one of her legs broken just above the ankle, and one arm broken just below the shoulder, and was not able to walk for about 60 days, held not so excessive as to be disturbed by the appellate court.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by Mr. and Mrs. Cannon Monge, for use of their infant child, Mildred Monge,

against the New Orleans Railway & Light Company. Judgment for plaintiffs, and defendant appeals. Judgment set aside and reformed.

Dart, Kernan & Dart, of New Orleans, for appellant.

F. B. Davenport, of New Orleans, for appellees.

PROVOSTY, J. The 20 months old girl of the plaintiffs was struck by one of the electric cars of the defendant company, and had both bones of one of her legs broken just above the ankle, and the skin at that place "all torn," and one arm broken just below the shoulder; and the present suit is in damages for the injuries thus suffered by the child, and to recover the expenses incident to the treatment of the child. The child is said to have suffered a good deal, and not to have been able to walk for some 60 days. The bones knit perfectly, and at the time of the trial no sign of the injury remained. The jury awarded $2,190. As $190 was the amount claimed for the expenses, we take it that $2,000 of this award was for the injuries, and $190 for the expenses.

The three eyewitnesses of plaintiffs left the case in a very unsatisfactory condition. The testimony of one of them, a sister of Mrs. Monge, is so full of contradictions, and reticences, as to have to be disregarded altogether. Another of these witnesses, a discharged employé of the defendant company, and at one time in the jitney business, shows also a good many inconsistencies with itself and with other testimony manifestly more reliable. The third of these witnesses would make out against the motorman a case of such utter negligence as to be actually criminal, and incredible; and his testimony, moreover, on the important point of his having been the person who carried the child into the house, as to which he could not well have been mistaken, is at flat contradiction

with that of another witness, whose testimony shows very fair on its face that he (the other witness) carried the child into the house.

[1] The motorman's version is that the child ran suddenly from the sidewalk to the car track, a distance of some 8 feet, about 18 or 20 feet ahead of his car. Another of defendant's witnesses was on the front platform of the car, and saw the child about 50 feet ahead walking up and down in the gutter. By "gutter" he means the part of the street alongside the sidewalk, for the street had no gutter, being level, and but a few inches lower than the sidewalk. If we accept the statement of this witness, negligence is proved against the defendant company, for, certainly, a motorman, seeing a two year old child by itself less than 8 feet from the car track upon a level street, should take all necessary precautions for guarding against the possibility of the child suddenly going upon the track. Upon the whole, we are unable to be certain that the jury erred in finding against defendant.

[2] But the mother of the child, or the person to whom she had intrusted the child, was most culpably negligent in allowing it to wander off to the car track upon this narrow street upon which the cars are known to travel fast; and this was negligence which as it contributed to the injury to the child, precludes their recovering of defendant the expenses which, as parents of the child, they were under the legal obligation to incur in its treatment.

[3] We should have preferred a smaller allowance than $2,000, for we are entirely satisfied that, soon after it was well enough to go about, the child became as well as ever; but we have no criterion by which we may know to any legal certainty that the jury erred. For the purpose of recasting, we set the judgment aside.

The judgment appealed from is set aside, and it is now ordered, adjudged, and decreed that the plaintiffs, Mr. and Mrs. Cannon Monge, have judgment, for the use and benefit of their child, Mildred Monge, against the New Orleans Railway & Light Company, and J. B. O'Keefe, receiver of the properties of said company, in the sum of $2,000, with 5 per cent. interest thereon per annum from February 18, 1918, and the costs of this suit; and that the suit of the said plaintiffs be otherwise dismissed.

MONROE, C. J., takes no part, not having heard the argument.