ELLIS, Judge.
This suit was instituted by Edgar L. Brown against Ben C. Devall and Devall’s insurer, Liberty Mutual Insurance Company, individually for medical expenses amounting to $962.92 and for the use and benefit of his minor son, Timothy Brown, in the amount of $9,000. The claim sued upon arose out of an accident in which Timothy Brown was struck down and injured on May 18, 1955, at 4:00 P.M. by an automobile owned and driven by Ben C. Devall at plaintiff’s home near Port Allen, Louisiana.
The trial court granted a judgment for the defendants and the plaintiff has perfected an appeal from this judgment.
The facts which appear from the record are as follows: Devall drove near the Brown home and saw Mr. Brown in the yard with Mrs. Brown, Mr. Glenn Abbott and the three Brown children. He had some business to discuss with Mr. Brown so he backed his car into the driveway of the Brown home. He turned off his motor and spoke with Mr. Brown for approximately ten minutes. Mr. Abbott listened to-the conversation for a short while and then- *924 he started playing with the children, Mr. Brown stood by the right front door of Mr. Devall’s car and Mrs. Brown stood to the left of Mr. Brown. Devall remained in his car in the driver’s seat. Mr. Devall expressed his intention of leaving and turned on his ignition, but remained in conversation with Mr. Brown for approximately one minute. In rapid succession, the conversation was terminated, Mr. Brown stood away from the car and Mr. Devall drove forward slowly for two or three feet. He was cautioned to stop when it was discovered that Timothy Brown, who was then 18 months old, had been pinned beneath the right front wheel of the car. He carefully backed off the child and it was taken to Our Lady of the Lake Hospital. The child had received a fracture of the right femur, bruises and abrasions, was required to spend one month in the hospital and six weeks in a cast at home in bed before the cast was removed. This was during the summer months and he suffered from the heat as well as from his injuries. The condition of the wounds made dressing them quite painful. The record reveals that all in all the child’s recovery was prolonged and quite painful, however, the injuries left no lasting effects.
The questions before the court on this appeal as detailed by the trial judge in his written reasons are as follows:
1. Was defendant Ben C. Devall guilty of negligence? If this question is answered in the negative plaintiff’s suit must fail since no person may be held liable in civil damages unless he is guilty of negligence constituting a proximate case of the injuries. If the foregoing question is answered in the affirmative then the following issues remain for decision.
2. Was the child Timothy Brown guilty of contributory negligence barring recovery for his injuries?
3. Was the father Edgar L. Brown guilty of contributory negligence attributable to the child Timothy Brown and barring recovery for the child’s injuries?
4.Was Edgar L. Brown guilty of contributory negligence barring recovery for the special damages claimed by Brown individually?
Answering the first question, this-court finds the trial court was in error in finding the defendant Devall free from negligence. He knew of the presence of the three young children in the yard. He sat in his car and engaged in conversation for approximately ten minutes with Mr. Brown. He expressed his intention to leave and' turned on the ignition but lingered in conversation about one minute more. After finishing the discussion he immediately proceeded to drive forward at which point he struck down and injured the child. Under the circumstances, Devall should have taken some precaution to guard against the very accident which occurred here. He could have gotten out of his car and observed the driveway, counted the children in sight or asked the other adults present to check and see if the way was clear before he proceeded. He knew the children were in the immediate vicinity and he made no effort to ascertain their whereabouts before he started his car in motion. It is clear that under the Louisiana jurisprudence the operator of an automobile has a duty demanding a high degree of care if children are in the vicinity and he knows of their presence or is held to know of their presence as a matter of law. Rainwater v. Boatright, La.App.1952, 61 So.2d 212; Comer v. Travelers Ins. Co., 213 La. 176, 34 So.2d 511; Jacoby v. Gallaher, 10 La.App. 42, 120 So. 888; Stamps v. Henderson, La.App., 25 So.2d 305; Peperone v. Lee, La.App., 16 So. 467; Creevy v. D. H. Holmes Co., 16 La.App. 562, 134 So. 413; Jamison v. State, La.App., 7 So.2d 373; Ledet v. Toye Bros. Yellow Cab Co., La.App., 160 So. 442; Jackson v. State Farm Mutual, La.App., 32 So.2d 52; Blash-field Cyclopedia Automobile Law & Practice, §§ 1492, 3361.
The case of Comer v. Travelers Ins. Co., supra, was relied upon by the trial court in granting judgment for the defendants here *925 in. However, this court sees a strong .distinction between that case and the case at bar. In that case the assured’s seventeen month old niece came out on the front porch of her home, which was bordered by shrubbery, as assured was taking leave of his adult daughter. Assured kissed his niece, turned and went toward his car. He then looked back toward the porch to see if the way was clear before entering his car. He turned on his motor, spoke again to his daughter and then, looking to the rear, hacked down the drive. There was only one child present. The assured left this child with an adult of responsible age, walked to his car, turned and checked the vicinity, entered his car and, after a short interval, hacked down the driveway keeping a lookout and then struck the child. The assured in the Comer case thus took precautions which should reasonably have precluded the accident which occurred.
The case of Cook v. Scarborough, La. App., 72 So.2d 560, 561, was cited by counsel for the defendant as authority for the trial court’s judgment. However, in that case the driver who had been conversing with a seventeen year old boy, cautioned the eight or nine children present to stay clear of the truck, walked around the truck, entered the cab from the left, looked in his rear view mirror and saw all the children gathered behind the older boy and clear of the truck, then he pulled forward slowly running over one of the children who had evidently darted beneath one of the back wheels of the truck at the last moment. The appellate court made the following statement:
“There is not the slightest conflict in the testimony of these witnesses, and both testified that at the time Scarborough walked from the rear around the left side of the truck and took his seat in the cab Connie Sue Cook was standing with the children behind Adolphus Snell at the rear of the truck. In our opinion this testimony conclusively disposes of the factual issue involved and completely exonerates the defendant, Scarborough, of any negligence whatsoever.”
The distinction between the case at bar and the Cook case is similar to the distinction made between this case and the Comer case. The defendant took reasonable precaution to prevent the accident in the Cook case, but unforeseeable circumstances beyond his control intervened thwarting his precautions. In the case at bar, the driver took no other action than to look forward as he drove forward; This was not enough.
In the instant case, the defendant evidently assumed that the other adults present would notify him of any danger. In our opinion, this was not a reasonable discharge of his clear duty to exercise extraordinary care in the operation of a vehicle when children were known to be in the vicinity.
In answer to question No. 2, Timothy Brown was eighteen months old at the time of the accident. A child of his age is incapable of reasoning to a sufficient degree to he found contributorily negligent for any of his action. The Louisiana Annotations to the Restatement of Torts, 1941, Section 464, states that: “The doctrine of contributory negligence in Louisiana does not apply to a child under four years.” This concept is often recognized in the jurisprudence of Louisiana. See Johnson v. Butterworth, 180 La. 586, 157 So. 121; Iglesias v. Campbell, La.App., 175 So. 145; Jamison v. State, La.App., 7 So.2d 373; Brown v. Wade, La.App., 145 So. 790; Palermo v. Orleans Ice Mfg. Co., 130 La. 833, 58 So. 589, 40 L.R.A.,N.S., 671. In several cases children over four years old have been found incapable of being contributorily negligent. See Millanos v. Fatter, 18 La. App. 708, 138 So. 878; Wise v. Eubanks, La.App., 159 So. 161; Rainwater v. Boat-right, La.App., 61 So.2d 212; Bodin v. Texas Co., La.App., 186 So. 390; Borman v. Lafargue, La.App., 183 So. 548.
The question of whether or not the contributory negligence of the parent may be *926 imputed to the child (Question No. 3) is answered by a line of cases in the Louisiana jurisprudence. Williams v. Missouri Pacific R. R. Co., 155 La. 349, 99 So. 286; Prosser, Law of Torts, Second Edition, 1955, p. 301, La.Anns. to Restatement of Torts, 1941, Section 488; Danna v. Monroe, 129 La. 138, 55 So. 741; Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52. Since we hold, as will be hereinafter discussed in answer to Question No. 4, that Mr. Brown was not contributorily negligent, there is no necessity for a further discussion in this respect.
In answer to Question No. 4, a fair evaluation of the testimony in the record would indicate that Edgar L. Brown was not contributorily negligent and could, therefore, recover individually for his special damages. It appears that Mr. Devall turned on his motor some time before he actually concluded his conversation. Upon concluding his conversation he immediately drove forward and gave the plaintiff little or no time to think about the danger to the children. We quote from Mr. Devall’s testimony in this regard:
“Q. I want to be sure about this, Mr. Devall. You started the automobile before you actually finished your conversation? A. That is correct.
“Q. You finished your conversation you said, with the motor running? A. That is correct.
“Q. You finished your conversation and Mr. Brown was standing on the right side of the car talking to you, and that is when you said: ‘Got to leave’ ? A. He, of course, moved away from the car a slight distance as I said I would have to be going. He moved back a short distance, maybe a few feet, and I slowly moved off.”
As the operator of the dangerous instrumentality, Mr. Devall had the primary duty to take the necessary precautions to safeguard the children that he knew were in the vicinity.
There was also a great deal of stress placed upon a statement made by the plaintiff six days after the accident in which he stated:
“Mr. Devall told me that he was leaving before he pulled out. I looked and thought I saw all the kids but I didn’t notice Timothy not being in sight. I didn’t notice whether Mr. Devall looked or not before pulling out but he couldn’t have seen Timothy if he had looked * *
This statement was taken by an insurance adjuster and merely signed by Brown after he read it over. The testimony which Mr. Brown gave on the trial and the testimony of Mr. Devall set forth above would indicate that Brown did not, actually, have an opportunity to look for his children and did not, before Devall drove off. We are hesitant in placing greater weight upon the statement than testimony on the trial. There was no opportunity for cross examination and the plaintiff did not actually write the statement.
On the question of quantum, the record reveals that Timothy Brown was placed in traction with his feet perpendicular to the bed for a period of four weeks. This was especially painful and uncomfortable due to the bruises and abrasions and the excessive heat of the summer months. He remained in a cast for six weeks after being removed from traction and it was necessary for him to learn to walk again after removal of the cast.
In the case of Monge v. New Orleans Railroad & Light Co., 145 La. 435, 82 So. 397, in 1919 a judgment was rendered for $2,000 to a two month old child whose arm and leg had been broken. In the case of Morgan v. Lanz, La.App., 195 So. 128, $3,-500 was granted for bruises and abrasions and the plaintiff remained in a cast for four and one half weeks.
*927 The Court feels that an award of $3,000 will be adequate in this case to Edgar L. Brown for the use and benefit of his minor son, and an award to Mr. Brown individually for his special damages of $962.-92.
For the reasons assigned above, the judgment of the District Court is reversed and there will now be judgment in favor of Edgar L. Brown and against the defendants, Liberty Mutual Insurance Co. and Ben C. Devall, jointly and in solido, for the use and benefit of his minor son, Timothy Brown, in the amount of $3,000; and individually for his special damages in the amount of $962.92, the defendants to pay all costs.