Hillsborough,
No. 5185.

JANICE MANNING, by her father and next friend, & a.

*v.*

IRVING FREEMAN & a.

Argued January 7, 1964.
Decided March 3, 1964.

*Broderick & Craig* and *Arthur J. Costakis* (*Mr. Costakis* orally), for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* and *John B. Pendleton* (*Mr. Pendleton* orally), for the defendants.

WHEELER, J. On May 27, 1960 (the day of the accident) the plaintiff Janice, twenty-two months old, and the youngest of six children, resided with her mother in her grandmother's apartment which was located on the third floor of a three-story building, on the right, looking toward the rear of the building.

The second and third floors each had two apartments leading on to rear porches which had a railing around the outside. The stairway to the second floor descended from a point about midway of the porch and the stairwell was surrounded, except for the head of the stairs by a railing.

A side railing consisting of a handrail and a four and three-quarter inch guardrail extended the length of the stairway from the second to the third floors parallel to the incline thereof supported by a vertical post about midway between the floors. There were twelve steps and thirteen risers on the stairway. The right descending guardrail was fastened to the stairwell support timber at a point vertically over the edge of the third stair from the top. There was an open space on the outside edge of each stair which measured nine inches vertically from the nose of the tread to the bottom of the guardrail and sixteen inches vertically from the rear of the tread to the guardrail.

On the morning of the accident Mrs. Manning put Janice and her brother Michael aged four out to play on the third floor porch. Two kitchen chairs were placed on their sides with their legs facing each other at the head of the stairs. After remaining on the porch for a while she returned to her apartment. From time to time she and her mother glanced out of the window to observe the children. At 11:30 A. M. Mrs. Manning heard screams and upon reaching the porch saw Janice lying on the ground. Her sister Linda who had just returned from school was beside her.

The chairs at the top of the stairs had been moved and one was "pushed over." When Mrs. Manning came on to the porch as a result of the screams and saw Janice on the ground she then observed Michael coming upstairs from the second floor. Linda did not see what part of the stairway her sister fell from but she did observe that she "was in the air coming down" in a straight line and that she landed on the ground in front of the bulkhead. She marked on a photograph (Exhibit 2) the

point on the ground where she landed. By projecting a vertical line between these points her position before the fall could be reasonably found to be the third stair from the top.

The defendants contend that their several motions for nonsuit and directed verdict, to set aside the verdict and for judgment notwithstanding the verdict should have been granted because reasonable persons could not find: (1) the alleged defect in their stairway was the proximate cause of the plaintiff's fall; (2) the alleged defect existed in breach of any recognized standard of care; and (3) the plaintiff was making an authorized use of the stairway at the time of her fall.

In support of the first proposition defendants' counsel argues that there are several possible causes of her injuries which are as consistent with the evidence as the possibility on which the plaintiffs rely and that the Court below was in error in permitting the jury to guess between two or more equally probable causes of the injury. *Abell* v. *Company*, 95 N. H. 439; *Jakel* v. *Brockelman*, 91 N. H. 453.

An expert witness called by the plaintiffs was permitted to testify over the objection of the defendants that there was too much space between the lower rail and the stair treads and that to insure safety there should not be more than six inches of clear space beneath any part of the rail.

The defendants' objection to this testimony in general is the lack of qualifications of the witness on the subject of maintenance of similar buildings in the same geographical area. The witness had been an architect for thirteen years, he had designed stairs and done nearly every type of work in architecture.

It could be found as the Court did that the witness had knowledge of the subject matter of his testimony superior to that of men in general and that it would probably assist the triers of the facts. The defendants' exceptions are overruled. *Bourget* v. *Company*, 98 N. H. 237, 246.

A former tenant of the third floor apartment next to that of the plaintiffs' was permitted to testify that in April 1960 she had complained to Mr. Freeman (one of the defendants) about the rails on the stairway, to the effect that they were too open and that Freeman replied she could move if she didn't like it. This testimony was objected to as hearsay. The record is not entirely clear whether it was hearsay or from the witness's own observation and belief. In any event it was not received as a testimonial assertion to prove the fact of a dangerous condition,

but to establish that one of the defendants had some warning of a dangerous condition, the facts of which were established by other evidence. 6 Wigmore, Evidence (3d *ed.*) *ss.* 1788, 1789. Thus limited it was properly received.

Considering the evidence most favorable to the plaintiffs (*Sargent* v. *Alton*, 102 N. H. 476, 478) it was findable that the plaintiff Janice, twenty-two months old, was for her age a "very small" child and not tall enough to climb over the descending handrail. It was further findable from her sister's testimony that it was more probable than otherwise that she reached the third descending step and fell through the opening between the guardrail and the step. In this state of the evidence "it is not a case of conjecture between equal possibilities, but the ordinary determination of a conclusion from inferences supported by a balance of probabilities." *Saad* v. *Papageorge*, 82 N. H. 294, 296.

After the accident her brother Michael was observed coming up the stairs. It was therefore properly deductible that the children were making a proper use of the stairs. If the minor plaintiff was proceeding down the stairs at the time she fell and no evidence appears to the contrary, any method of progress by a child of her age would be natural and expected so long as the stairway was being used for such purpose. *Saad* v. *Papageorge, supra.* In the case at bar evidence of negligence was supplied, as well as evidence from which causation could be found. *Zellers* v. *Chase*, 105 N. H. 266.

The order therefore is,

*Exceptions overruled.*

All concurred.