GULOTTA, Judge
(concurring in part, dissenting in part).
I concur with the conclusions of the majority in its determination that Mrs. Burney was negligent and further with the determination that the amount of the award in favor of Donald A. Lefevre, as administrator of the estate of his minor child, should be increased to the sum of $45,000, because of the obvious seriousness of the injuries inflicted upon the child.
However, I respectfully dissent from that part of the majority opinion which concludes that the negligence of Mrs. Lefevre was not a substantial factor in causing the accident. The jury in denying medical expenses to Mr. Lefevre obviously was convinced that Mrs. Lefevre had acted carelessly, and her negligence was a contributing and proximate cause of her son’s injury. I am unable to arrive at a determination that the jury’s finding was erroneous.
It is my opinion that Mrs. Lefevre’s omission of a duty in failing to supervise her 2i/2 year old boy outside in front of the house constituted negligence, which was a substantial factor in causing the accident. The child was accompanied only by a four year old brother. The area was not fenced, and there was no assurance that the children would not play either in the vicinity of automobiles parked in driveways or on the streets, nor that the child might aimlessly go or dart into the street. As occurred, an automobile rolling down the driveway caused the injury to the child. Were Mrs. Lefevre properly supervising this child, she could have anticipated, upon seeing Cynthia in the automobile, parked on the incline, that the car might have rolled back. She would have been in a position to remove the child from a position of jeopardy. In my view, this kind of carelessness was a substantial factor in causing the accident. I cannot visualize that a parent, acting reasonably, would allow a 2(4 year old child to place himself in a precarious position as this child unquestionably did.
The Supreme Court in Monge v. New Orleans Ry. & Light Co., 145 La. 435, 82 So. 397 (1919) held that where the mother of a two year old child allowed it to wander off near a car track and this negligence contributed to the child’s injury, the parents were precluded from recovering the *404 medical expenses incurred on behalf of the child.
Applying the rule of Monge to the present case, I am of the opinion that the same result should follow.
Accordingly, the denial of recovery by the jury td Lefevre, individually, for medical expenses incurred should be affirmed.
Amended and affirmed in part reversed and rendered in part.