LEMMON, Judge
(dissenting).
I disagree with the majority as to the standard of care applicable to the landlord in this premises liability case. I further disagree that liability in this case should be decided under C.C. art. 2692, 2693 and 2695, since there is no contention that the stairway was in disrepair.
Fault in this case should be determined under C.C. art. 2315 et scq. In my opinion the fault of three persons combined to produce this accident.
The child’s fault cannot be considered because of his age.
Mrs. Smolinski was at fault for failing to properly supervise her child under the circumstances. Since this negligence is imputable to the community, the medical expenses incurred by the community on behalf of the child are not recoverable. Monge v. New Orleans Ry. & Light Co., 145 La. 435, 82 So. 397 (1919).
However, the parent’s negligence does not preclude the child (through his father as administrator of his estate) from recovering damages for his personal injuries if the landlord breached his duty of care to this particular child who was legally on the premises. I therefore believe that we should separately determine fault on the part of the landlord without reference to any negligence or assumption of risk by any other party.
*383 In my opinion the proper test for the landlord’s fault is whether or not the stairway was reasonably safe for its intended use by persons whom the landlord could reasonably foresee would use it.
While the landlord hilmself admitted that this stairway was not safe for normal use by small children, one only has to look at the photograph to make this self-evident determination.

By use of the reasonable man standard, I would therefore hold that the stairway was unsafe for normal use.
Furthermore, the Building Code of the Parish of Jefferson requires walls, well-secured balustrades or guards on- each side of all stairways, in addition to a handrail-ing on at least one side.
There is a handrail 36 inches high, but there was no wall or guard on this stairway. Balustrade is defined as a row of balusters (or small posts) supporting a rail, and it is obvious that this is also lacking.
The apparent intent of the safety regulation is to require a guard or a vertical balustrade in addition to a handrail. The railing in this case is insufficient to serve both as a handrail and as a guard.
A person ascending or descending stairs encounters considerably more difficulty in maintaining balance than when walking on a level surface. The purpose of a handrail is to assist a person in maintaining balance. The additional requirement of a wall, balustrade or guard on each side of the stairway is designed to prevent a person who loses his balance while ascending or descending the stairs from falling off the side or under the railing, as well as to protect smaller children who are shorter than the height of the railing.
*384 In my opinion the safety measure was designed to prevent exactly what happened in this case, and the landlord’s failure to comply with the regulation was a contributing cause of the resulting damages.
In the Guidry v. Hamlin and American Fire & Cas. Co. v. Jackson cases cited by the majority, there was between the handrail and the stairs a second horizontal railing, which could be considered to be a guard. I agree with the rationale of those cases that stairways must be reasonably safe but not foolproof. Certainly, the landlord is not the insurer of the safety of his tenants, but he does have a duty to provide a stairway that is reasonably safe. My view that a stairway without any guard or balustrade whatsoever is not reasonably safe does not conflict with those cases.
Expert architectural or engineering testimony has been used in some cases to prove unsafe stairway construction.[1] But such testimony is not necessary here where the stairway does not comply with parochial safety regulations or with the reasonable man standard of due care.

. See e. g. Mainning v. Freeman, 105 N.H. 272, 198 A.2d 14 (1964). Also see generally 25 A.L.R.2d 364, § 5, 26 A.L.R.2d 468, §§ 9, 10; 49 Am.Jur.2d Landlord and Tenant § 818.